IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Wilkerson Fuel, Inc., | ) | |
| | ) | |
| Appellant, | ) | C.A. No. 7:08-2654-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| James Allen Elliott, Sr., | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court on the appeal by Wilkerson Fuel, Inc. ("Wilkerson") from an order entered by United States Bankruptcy Judge Helen E. Burris on May 23, 2007, ("May Order"). After review, the court remands this matter for further consideration.

**I. Factual and Procedural Background**

Wilkerson alleges that it was a fuel supplier to BME Marketing, LLC, whose sole member is the Appellee, James Allen Elliott, Sr. ("Elliott"). (Mot. Relief Stay 1.) On April 23, 2007, Wilkerson filed a summons and complaint in the Court of Common Pleas for York County, South Carolina against BME and Elliott alleging that BME owed Wilkerson $73,538.55 for fuel delivered to BME between November 3, 2006, and December 1, 2006. (State Court Compl. ¶¶ 8, 9.) Elliott sold BME on December 4, 2006. Wilkerson alleges that it has not been paid for the fuel. (Id. ¶ 11.) However, according to Wilkerson, Elliott deposited over $100,000.00 in his personal bank account between November 16, 2006, and December 18, 2006. (Appellant's Br. 4.) Wilkerson noticed Elliott's deposition for January 9, 2008. Elliott filed for

bankruptcy on January 8, 2008. (May Order 1.) Elliott listed Wilkerson as a creditor and Wilkerson received notice of the April 7, 2008, deadline for filing complaints. (Id.)

On March 24, 2008, Wilkerson filed a "Motion for Relief from Automatic Stay" in the bankruptcy court arguing that Wilkerson's claim was based on fraud and not dischargeable in bankruptcy. Elliott filed a response to the motion on March 25, 2008. A hearing on the motion was held on April 17, 2008. During the hearing, Wilkerson's counsel moved to have the pleading amended to constitute an adversary proceeding complaint. In its May Order, the bankruptcy judge denied Wilkerson's motion for relief from stay and denied the oral motion to amend the complaint and convert the case to an adversary proceeding.

## II. LEGAL ANALYSIS

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in part that: "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. In addition, the district court "reviews decisions of law *de novo*." In re Brasington, 274 B.R. 159, 162 (Bankr. D. Md. 2002).

Federal Rule of Bankruptcy Procedure 4007(c) states unequivocally that in a Chapter 7 liquidation case "[a] complaint to determine the dischargeability of a debt under [11 U.S.C.] § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a)." Violations of the Federal Rules of Bankruptcy Procedure deadlines cannot be ignored or excused. Taylor v. Freeland & Kronz, 503 U.S. 638, 644 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

2

A primary purpose of Rule 4007(c) is to encourage creditors "to file their complaints speedily or yield them forever." In re Meyer, 120 F.3d 66, 69 (7th Cir. 1997). "Section 523(c) evidences Congressional intent that a debtor shall be discharged even from fraudulent debt unless the creditor acts." In re Pendergrass, 376 B.R. 473, 478 (Bankr. E.D. Pa. 2007). "The rules promulgated to enforce this provision provide a clear deadline with no language demonstrating that leniency may be allowed for any length of tardiness." Id. "The result may seem harsh where the filing is but a single day late, but as the Supreme Court has noted on more than one occasion, to hold otherwise is to tread down the quintessential slippery slope . . . ." Id.

Wilkerson filed a motion to set aside the stay on March 24, 2008. Wilkerson argues that "Motion for Relief from Stay" should be considered an adversary complaint because it "clearly establishes that Wilkerson intended to challenge the ability to discharge the claims against Elliott for fraud and misrepresentation" in that it (1) incorporates the state court complaint, (2) sets forth in detail the nature of the claim, and (3) states that Elliott's "liability to Wilkerson is not dischargeable in bankruptcy by reason of 11 USC § 523(a)(2)." (Appellant's Brief 6-7.)

The court is mindful of deadlines and rules and notes that compliance with them is imperative. However, the bankruptcy court noted that the deadline in Rule 4007(c) is not jurisdictional and "does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." (May Order 6 (citing Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 248 (4th Cir. 1994) (holding that Rule 4004(a), similar to 4007(c), is not jurisdictional)).) The bankruptcy court further stated that "[i]n this case, however, deadlines have expired since the filing of the motion in question, and therefore prejudice is an issue." (May Order 4.) The court interprets this statement to mean that the bankruptcy court determined that Elliott would suffer

prejudice if the motion was deemed an adversary pleading.  Wilkerson argues that Elliott has suffered no prejudice because Elliott was on notice of the claim and Wilkerson alleged in the motion that the claim was not dischargeable in bankruptcy.  The court is unable to discern from the record whether Elliott would suffer any undue prejudice if the "Motion for Relief from Stay" is deemed an adversary proceeding.  Clearly, it appears Wilkerson will suffer extreme prejudice if the ruling of the bankruptcy court stands.  The application of an equitable principle of a balancing of hardship would seem to favor Wilkerson.  Based on the foregoing, this matter is remanded to the bankruptcy court to allow the court to reconsider and, if necessary, clarify the issue of prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 11, 2008